MR. JUSTICE SHEEHY,
dissenting:
I dissent to the interpretation put upon the statutory language of Section 27-2-205(1), MCA, by the majority.
One basis of my dissent is that the majority have changed the tolling language of the statute from a failure to disclose to one of fraudulent concealment of information. That interpretation is a severe limitation on the legislative act, for it constricts the tolling statute to actual fraud by the medical person. The word “fraud” appears *32 nowhere in the statute. The time for filing an action for malpractice could as well be tolled for negligent concealment as for fraudulent or intentional concealment, if the statutes were properly construed.
The second basis of my dissent is that fraudulent concealment is not involved in this case. What is involved is the issue when the plaintiff, through the use of reasonable diligence, could have discovered the claimed medical malpractice. The tolling statute, Section 27-2-205(1), applies solely to malpractice cases. It has three distinct features: (1) the statute of limitations for medical malpractice is three years, but it is tolled (2) until the plaintiff discovers or by reasonable diligence should have discovered the medical malpractice, or (3) during the period when the medical person has failed to disclose the malpractice known to him or by reasonable diligence should have been known to him. Here the plaintiff’s case falls in the second category: when did she discover through reasonable diligence the claimed malpractice?
When the issue is properly examined, one sees that a question of fact exists as to when the statute began to run. The District Court, and now the majority, resolved that issue summarily by holding that on the date of death she should reasonably have known that the death was caused or accelerated by malpractice. I disagree with that conclusion. No lay person should be considered to have that degree of expertise about the treatment of lupus so as to impute as a matter of law knowledge of malpractice in the course of the treatment. I don’t have that kind of expertise and neither does any member of this Court. The time for filing her action should be tolled in this case at least for the period required by reasonable diligence to find and consult with experts about the treatment of the decedent. That is a question of fact, not susceptible to summary judgment by any court. Undoubtedly the reasonable period would take more than 27 days, for which period the plaintiff is here denied her day in court.
I would reverse the summary judgment and remand for further proceedings, including determination of the fact issue as to the tolling of the limitations statute.
MR. JUSTICE HUNT joins in the foregoing dissent.